# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | |
|---|---|
| ALONZO HARDEMAN § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No.: _____ |
| § | |
| UNITED STATES OF AMERICA, on § | Jury Trial Demanded |
| behalf of Coastal Health and Wellness, a § | |
| federally supported health center § | |
| § | |
| *Defendant.* § | |
| § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff ALONZO HARDEMAN files this Complaint against Defendant UNITED STATES OF AMERICA, on behalf of Coastal Health and Wellness, a federally supported health center, and in support of this cause of action shows as follows:

### PARTIES

1. Plaintiff ALONZO HARDEMAN is an individual residing in Victoria County, Texas.

2. Coastal Health and Wellness is a federally supported health center in Galveston County, Texas. THE UNITED STATES OF AMERICA, is responsible for Coastal Health and Wellness, including its employees and staff who were acting within the scope of their employment with THE UNITED STATES OF AMERICA while operating a dental clinic in Galveston County, Texas during the incidents made the basis of this lawsuit. THE UNITED STATES OF AMERICA may be served with citation by and through the United States Attorney General's Office, 950

Pennsylvania Avenue, NW, Room 4400, Washington, DC 20530 and/or the local United States Attorney, Ryan K. Patrick, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

## JURISDICTION AND VENUE

3. This is a cause of action for damages under the Federal Tort Claims Act. The Court has subject matter jurisdiction of this controversy under the provisions of 28 U.S.C. Section 1346(b). Additionally, the amount in controversy greatly exceeds the minimum jurisdictional requirements of the Court. Plaintiff has complied with the notice requirements of 28 U.S.C.A. §2675(a) and all conditions precedent have been met to bring this cause of action.

## FACTUAL ALLEGATIONS

4. Plaintiff received dental services at Coastal Health and Wellness. Unbeknownst to Plaintiff, Defendant had breaches in its infection control practices which exposed patients to blood borne viruses. Specifically, The Joint Commission conducted an accreditation visit on February 12-13, 2018 which revealed infection control breaches constituting an "immediate threat to life" primarily concerning dental instrument sterilization practices. As a result of the findings, the clinic was closed on February 14, 2018.

5. In March of 2018, Plaintiff received a letter from Defendant advising that an investigation in conjunction with the Department of State Health Services revealed that Coastal Health and Wellness clinics located in Texas City and Galveston had exposed patients to blood borne viruses, including Hepatitis B, Hepatitis C, and HIV. The letter requested that Plaintiff immediately get tested for these viruses.

6. Plaintiff had the recommended lab testing performed which revealed that he had been infected with Hepatitis C. Plaintiff was not infected with Hepatitis C immediately prior to his dental treatment at Coastal Health and Wellness.

7. Plaintiff's treating physicians have prescribed a treatment regime for Hepatitis C, which includes medications that cost approximately $95,000 for a 12-week course of treatment.

8. At all relevant times, Defendant represented and held out to the public that the Galveston County clinics had competent and qualified personnel to provide dental services to the citizens of Galveston County, including Plaintiff. The standard of care required the facilities to use the ordinary care and diligence that a reasonable and prudent dental clinic would have employed under the same or similar circumstances, including using reasonable infection control practices to prevent patients from being exposed to blood borne viruses.

## NEGLIGENCE

9. The acts and omissions of Defendant constitute negligence, and separately and concurrently were a proximate cause of the incident upon which this suit is based, and of the injuries and damages suffered and sustained by ALONZO HARDEMAN. The negligent acts and omissions of Defendant include failing to use reasonable infection control practices and/or failing to keep dental instruments clean and sterile. Such negligent acts and omissions include, but are not limited to, the following:

   a. Daily, weekly and/or monthly manufacturer recommended maintenance on sterilizer machines was not performed;

   b. Staff failed to follow the instruction manual for the sterilizer machines with respect to the ratio of cleanser used, temperature settings and duration of use;

   c. No measuring devices for instrument processing solutions were available to staff;

   d. The ratio for the ultrasonic cleanser was not adequate, i.e., staff did not know how much water the machine held and physical characteristics, such as, temperature, pressure, time and chemical indicator results were not documented;

   e. Two machines for sterilizing dental instruments had been inoperable for approximately 1-year period, and there was no indication (e.g. Tag-Out) that these units were out of order;

f.  Water lines in patient bays were not flushed to avoid microbial growth;

g.  Instruments were left in the ultrasonic basket and placed in the sink to dry, rather than placed in a proper drying space;

h.  Decontamination, cleaning, inspection and packaging of instruments occurred next to the dental chair rather than in a separate area to minimize the contamination of sterile environments;

i.  While reviewing the biological spore testing log book with staff, it was noted that the final readings for the previous 3-weekly spore tests occurred prior to the manufacture's required 24 hour time frame, e.g., the spore test was placed at 9:00 a.m. and the reading was taken the next morning at 8:00 a.m.;

j.  Gloves worn during the reprocessing of instruments were exam gloves instead of required utility-type gloves that are fitted at the wrist to prevent fluids from entering the glove;

k.  No gowns/aprons were available to staff responsible for instrument processing to protect scrubs and lab coats worn during dental chair assignments and medical exams;

l.  Soiled instruments were not kept in proper containers to prevent contamination of sterile environments;

m.  There was no policy for disposing of single use brushes or cleaning/disinfecting reusable brushes;

n.  The sink for decontamination and cleaning was the only sink in the operatory, so there was no place for hand-hygiene;

o.  Patient care items were placed within the 3ft. splash zone of the sink used for decontamination and cleaning in violation of CDC Guidelines for Environmental Infection Control in Health-Care Facilities;

p.  Staff were not knowledgeable about the required contact time (wet time) for disinfecting (e.g. product in use required 2-minutes, however, staff stated 10-seconds was the time for sanitizing);

q.  No evaluation of infection control practices was performed during the previous 12-months;

    r. Extracted teeth containing mercury-based amalgam were discarded with medical (infectious) waste, and not segregated for disposal with regulated chemical waste as required under EPA regulations;

    s. Staff responsible for packing hazardous materials and managing manifests did not have the education and training defined in the DOT Hazardous Materials Regulations;

    t. Transportation of contaminated instruments from the surgical area to the cleaning area was done in a basket not marked with a biohazard marker;

    u. No risk assessments were performed to identify infection control issues and no goals or objectives were set to minimize transmission of infectious diseases;

    v. There was no infection control program or plan in place to minimize risk of infection;

    w. There was inadequate training of staff in sterilization practices;

    x. The Dental Director, Nursing Director and Lab Director who were designated as being responsible for overseeing sterilization had no training or qualifications specific to infection control or proper sterilization practices;

    y. There was a lack of leadership, knowledge, education and training to effectively oversee an infection control program and its decentralized sterilization process;

    z. Leadership (including the Executive Director(s)) failed to allocate resources, including reasonable funding, to create and maintain an infection control program for protecting patients, including Plaintiff, from blood borne viruses; and

    aa. Leadership (including the Executive Director(s)) misallocated federal grant money that was earmarked for providing quality healthcare to patients of Coastal Health & Wellness (including Plaintiff), and instead used the money for other Galveston County projects.

10. Each of these acts, when taken separately or together, constitute negligence and exposed patients, including Plaintiff, to blood borne viruses. Defendant's acts and omissions were a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## DAMAGES

11. Each of the foregoing acts or omissions, when taken separately or together, were a direct and proximate cause of the injuries sustained by Plaintiff. Plaintiff would show that as a proximate result of Defendant's negligence, he has suffered serious and disabling injuries of a permanent nature, including the following:

   a. ALONZO HARDEMAN has suffered a loss of earnings, household services, and fringe benefits in the past. Likewise, the disability from which he now suffers and will, in all reasonable medical probability, continue to suffer for the rest of his life, has caused his earning capacity and ability to perform household services to be permanently and materially diminished in the future;

   b. ALONZO HARDEMAN has suffered great physical pain and mental anguish in the past, and in all reasonable medical probability, he will continue to suffer, on a permanent basis, great physical pain and mental anguish in the future;

   c. As a result of the injuries which ALONZO HARDEMAN sustained, he has been afflicted with a substantial degree of physical impairment which, in all reasonable medical probability, is permanent;

   d. ALONZO HARDEMAN has suffered loss of enjoyment of life as a result of the injuries incurred and will continue to suffer loss of enjoyment of life in the future;

   e. ALONZO HARDEMAN has suffered disfigurement as a result of the injuries incurred and will continue to suffer disfigurement in the future; and

   f. ALONZO HARDEMAN has been forced to incur expenses for medical and hospital care as a direct result of the injuries complained of herein, and in all reasonable medical probability, as a result of the injuries complained of herein, he will continue to incur medical and hospital expenses for the remainder of his lifetime. The charges which have been made and which will be made for medical and hospital services rendered to ALONZO HARDEMAN have represented and will represent the usual, reasonable and customary charges for like and similar services in the vicinity where they have and will be rendered.

12. By reason of the foregoing, Plaintiff has been damaged in an amount far in excess of the jurisdictional limits of this Honorable Court. Plaintiff makes a claim for the above-mentioned damages and seeks an amount within the jurisdictional limits of this Honorable Court.

13.     Plaintiff seeks pre and post judgment interest on all damages.

WHEREFORE, Plaintiff demands trial by jury, judgment against Defendant for compensatory damages, as well as, costs, interest, or any other relief, monetary or equitable, to which Plaintiff may be justly entitled.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Date:   September 25, 2020

        Respectfully submitted,

        **TRACEY, FOX, KING & WALTERS**

        */s/ Scott C. Greenlee*
        Sean Patrick Tracey
        State Bar No.  20176500
        stracey@traceylawfirm.com
        Shawn P. Fox
        State Bar No. 24040926
        sfox@traceylawfirm.com
        Scott C. Greenlee
        State Bar No. 24007270
        sgreenlee@tracylawfirm.com
        Lance Nolan Walters
        State Bar No. 24085639
        lwalters@traceylawfirm.com
        440 Louisiana, Suite 1901
        Houston, Texas   77002
        713-495-2333 Telephone
        713-495-2331 Facsimile

        **ATTORNEYS FOR PLAINTIFF**